IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| CHEIKH MBAYE, | ) | |
| | ) | Case No: **FILED: JULY 10, 2008** |
| Plaintiff, | ) | **08CV3937** |
| | ) | **JUDGE HOLDERMAN** |
| v. | ) | Judge: **MAGISTRATE JUDGE COLE** |
| | ) | **AEE** |
| RUTH A. DOROCHOFF, in her official | ) | |
| capacity as District Director of United | ) | Magistrate Judge: |
| States Citizenship and Immigration | ) | |
| Services, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR WRIT OF MANDAMUS

Plaintiff Cheikh Mbaye ("Plaintiff"), by and through his attorneys, the Law Offices of Kameli & Associates, P.C., respectfully requests an order directing Defendant Ruth A. Dorochoff ("Defendant") to adjudicate Plaintiff's Form I-485 Application to Adjust Status to Permanent Resident ("Form I-485"), and in support of thereof, states as follows:

### JURISDICTION AND VENUE

1.      This is a civil action brought pursuant to 28 U.S.C. § 1361 to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, and to compel Defendant, an officer of the United States, to perform her duty owed to Plaintiff.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  As this Court is a district court of the United States and this action arises under 28 U.S.C. § 1361, a law of the United States, this Court is conferred jurisdiction.  Jurisdiction is additionally conferred upon this Court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 704, and 706.

2. Venue is proper under 28 U.S.C. § 1391(b), since Defendant is the District Director of United States Citizenship and Immigration Services ("USCIS"), an agency of the United States Department of Homeland Security, an agency of the United States Government, located at 101 W. Congress Parkway, Chicago, Illinois. Venue in the Northern District of Illinois is also proper under 28 U.S.C. § 1391(e), because a substantial part of the events or omissions giving rise to the claim occurred in this district, Plaintiff resides in this district, and no real property is involved in the action.

## PARTIES

3. Plaintiff is a national and citizen of Senegal, assigned alien number A 77-771-160.

4. Defendant is the Chicago District Director of USCIS, an agency of the United States Department of Homeland Security. As such, she is charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

## CLAIMS FOR RELIEF

5. On May 12, 2004, Plaintiff filed his Form I-485 with USCIS, seeking lawful permanent residence in the U.S. See Exhibit A. USCIS issued this Form I-485 the receipt number MSC0423911644. Id.

6. On January 20, 2005, Plaintiff attended an interview at the Chicago, Illinois USCIS office in furtherance of his Form I-485. Id. At this time no decision was made concerning Plaintiff's Form I-485.

7. To date, it is upon Plaintiff's information and belief that no decision has been rendered concerning his Form I-485. As of the date of this Complaint, it has been over four

years and two months since Plaintiff filed his Form I-485 and over three years and six and one-half months since Plaintiff's interview with USCIS occurred.

8. A USCIS Interoffice Memorandum issued by Associate Director of Domestic Operations Michael Aytes on February 4, 2008, states "[w]here the application is otherwise approvable and the FBI name check request has been pending for more than *180 days*, the adjudicator *shall* approve the I-485, I-601, I-687, or I-698 and proceed with card issuance." Exhibit B, page 2. (emphasis added).

9. Defendant has violated her mandatory duty to issue a card to Plaintiff since Plaintiff's background check has been pending for more than 180 days.

10. This Court has consistently held that 8 U.S.C. § 1255, which governs the adjustment and change of status of aliens, provides an alien with the right to have an application for adjustment of status adjudicated and imposes a duty upon the Attorney General to adjudicate such cases within a reasonable time. Abdel Razik v. Perryman, 2003 U.S. Dist. LEXIS 13818 (N.D. Ill. 2003); (citing Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002))**;** Krishnamoorthy v. Ridge, 2003 U.S. Dist. LEXIS 8381 (N.D. Ill. 2003); Setharatsomphou v. Reno, 1999 U.S. Dist. LEXIS 14839 (N.D. Ill. 1999); Paunescu v. INS, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999).

11. Further, "a petitioner has a right to adjudication of . . . [an] adjustment of status application and . . . [USCIS] has a corresponding duty to adjudicate these applications." Krishnamoorthy v. Ridge, 2003 U.S. Dist. LEXIS 8906, 9 (N.D. Ill. 2003); Setharatsomphou v. Reno, 1999 U.S. Dist. LEXIS 14839, (N.D. Ill. 1999) (citation omitted). This duty is mandatory, not discretionary. Krishnamoorthy, 2003 U.S. Dist. LEXIS 8906 at 9; Paunescu, 76 F. Supp.2d at 901. Therefore, Defendant has a clear duty to adjudicate Plaintiff's Form I-485 Application to Adjust, and to do so within a reasonable time of the initial filing.

12.    28 U.S.C. § 1361 grants district courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus jurisdiction can be invoked when: (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to perform; and (3) no other adequate remedy is available. Iddir, 301 F.3d at 499.

13.    Here, Plaintiff has a clear right to the relief sought as his Form I-485 Application to Adjust has been pending for a period in excess of 50 months. This delay is unreasonable, and thus a violation of Plaintiff's rights under 8 U.S.C. § 1255. Moreover, Defendant has a clear duty to perform given that this Court has consistently held USCIS' duty to adjudicate adjustment of status applications is mandatory rather than discretionary. See Kamal v. Gonzales, 547 F. Supp. 2d 869 (N.D. Ill. 2008); Krishnamoorthy, 2003 U.S. Dist. LEXIS 8906 at 9; Paunescu, 76 F. Supp.2d at 901.

14.    In addition, there is no other adequate remedy for relief available to Plaintiff. He can in no way compel the adjudication of his Form I-485 Application to Adjust except by means of this current mandamus action. Moreover, there is no action that Plaintiff can take at the administrative level until this adjudication has taken place. Plaintiff has thus exhausted any administrative or other legal remedies that may exist.

15.    Finally, Defendant, in violation of the Administrative Procedure Act, 5 U.S.C. § 706, is unlawfully withholding or unreasonably delaying a decision on Plaintiff's Application, and has thus not completed the adjudicative functions delegated to her by the laws of the United States with regard to said Application.

WHEREFORE, Plaintiff Cheikh Mbaye respectfully requests this Honorable Court grant the following relief:

    (a)    Compel Defendant and those acting under her to perform their duty to rule upon Plaintiff's pending Form I-485 Application to Adjust;

    (b)    Grant attorney's fees and costs of court; and,

    (c)    Grant any and all other relief this Court deems fair and just.

Respectfully submitted,
**KAMELI & ASSOCIATES, P.C.**

John R. Floss
/s/John R. Floss/

111 E. Wacker Street, Suite 555
Chicago, Illinois  60601
312.233.1000 – phone
312.233.1007 – facsimile

**DATED:  July 10, 2008**



**Department of Homeland Security**
**U.S. Citizenship and Immigration Services**

**I-797C, Notice of Action**

| REQUEST FOR APPLICANT TO APPEAR FOR INITIAL INTERVIEW | NOTICE DATE October 22, 2004 |
|---|---|
| CASE TYPE FORM I-485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS | A# A 077 771 160 |
| APPLICATION NUMBER MSC0423911644 | RECEIVED DATE May 12, 2004 | PRIORITY DATE May 12, 2004 | PAGE 1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
CHEIKH MBAYE
c/o RALPH M SCHELLY
220 S STATE STREET SUITE
CHICAGO IL 60604

PLEASE COME TO:  U.S. Citizenship and Immigration Services
230 S. DEARBORN STREET
KLUCZYNSKI FEDERAL BLDG
2ND FLOOR
CHICAGO IL 60604
3

ON: Thursday, January 20, 2005
AT: 09:25 AM

You are hereby notified to appear for the interview appointment, as scheduled above, for the completion of your Application to Register Permanent Residence or Adjust Status (Form I-485). **Failure to appear may result in the denial of your application.**

**Who should come with you?**
- If your eligibility is based on your marriage, your husband or wife must come with you to the interview.
- If you do not speak English fluently, you should bring an interpreter who is neither a relative nor an interested party in your application.
- Your attorney or authorized representative may come with you to the interview.

NOTE: Every adult who comes to the interview must bring Government-issued photo identification, such as a driver's license or ID card, in order to enter the building and to verify his/her identity at the time of the interview. You do not need to bring your children unless otherwise instructed. Please be on time, but do not arrive more than 45 minutes early. We may record or videotape your interview.

**What MUST you bring?**
- Bring this Interview Notice.
- Bring your Government-issued photo identification.
- Bring all your Passports and any other documents, including your Arrival/Departure Document (Form I-94), used to enter the United States.
- Bring your Birth Certificate.
- Bring all documentation establishing your eligibility for Lawful Permanent Resident status (see below: "What else should you bring?").
- Bring all immigration-related documentation ever issued to you.
- Bring both originals and photocopies of all supporting documents. Otherwise, we may keep your originals for our records.
- Bring a certified English translation for each document not in English. The translator must certify that s/he is fluent in both languages, and that the translation in its entirety is complete and accurate.

**What else should you bring?**
- Bring any Employment Authorization card or paper, and any Authorization for Advance Parole (Form I-512) ever issued to you.
- Bring your petitioner's Birth Certificate and your petitioner's evidence of United States Citizenship or Lawful Permanent Resident status.
- If you have children, bring a Birth Certificate for each of your children.
- If you are married, bring your Marriage Certificate.
- If your eligibility is based on your marriage, in addition to your spouse coming to the interview with you, bring:
  - Your spouse's Birth Certificate and your spouse's evidence of United States Citizenship or Lawful Permanent Resident status;
  - If either you or your spouse were ever married before, all divorce decrees/death certificates for each prior marriage/former spouse;
  - Birth Certificates for all children of this marriage, and custody papers for your children and for your spouse's children not living with you;
  - Supporting evidence of your relationship, such as joint financial statements, joint legal documents, joint insurance policies, and photos.
- If you have not already submitted it, bring a completed medical examination (Form I-693) and vaccination supplement in a sealed envelope.
- Bring your Federal Income Tax returns and W-2's, or certified IRS printouts, for the past 3 years.
- If you are employed, bring letters from each of your current employers on company stationery, verifying your current rate of pay and average weekly hours, and bring your pay stubs for the past 2 months.
- Bring completed Affidavit(s) of Support (Form I-864), with all required evidence, including the following for each of your sponsors:
  - Federal Income Tax returns and W-2's, or certified IRS printouts, for the past 3 years;
  - Letters from each current employer on company stationery, verifying current rate of pay and average weekly hours, and pay stubs for the past 2 months;
  - Evidence of United States Citizenship or Lawful Permanent Resident status.
- If you have ever been arrested, for each arrest, bring the related Police Report and the original or certified Final Court Disposition, even if the charges have been dismissed or expunged. If no court record is available, furnish a letter from the court with jurisdiction indicating this.

**PLEASE MAKE EVERY EFFORT TO KEEP YOUR APPOINTMENT,** even if you do not have all the listed items. If an emergency, such as the hospitalization of a close relative, prevents you from appearing, call the Citizenship and Immigration Services (CIS) customer service as soon as possible. Please be advised that rescheduling will delay processing, may require some steps to be repeated, and will affect your eligibility for other immigration benefits while this application is pending.

If you have questions, please call CIS customer service at 1-800-375-5283. If you are hearing impaired TDD service is 1-800-767-1833.

REPRESENTATIVE COPY



EXHIBIT A

Form I-797C (Rev. 11/98/02) N

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Domestic Operations of Directorate
Washington, DC 20529



**U.S. Citizenship and Immigration Services**

FEB 4 - 2008

HQ 70/23 & 70/28.1

## Interoffice Memorandum

TO: Field Leadership

FROM: Michael Aytes
Associate Director, Domestic Operations

SUBJECT: Revised National Security Adjudication and Reporting Requirements

**Background**

U.S. Citizenship and Immigration Services (USCIS) conducts background checks on all applicants, petitioners, and beneficiaries seeking immigration benefits. This is done both to enhance national security and to ensure the integrity of the immigration process. USCIS has previously mandated that FBI name checks be completed and resolved before any positive adjudication can proceed on certain form types. This memorandum modifies existing guidance for applications where statutory immigration provisions allow for the detention and removal of an alien who is the subject of actionable information that is received from the FBI or other law enforcement agencies after approval of the application.

USCIS is issuing revised guidance in response to recommendations of the DHS Office of Inspector General (OIG-06-06) regarding the need to align the agency's background and security check policies with those of U.S. Immigration and Customs Enforcement (ICE). The *Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals* regulations prevent immigration judges and the Board of Immigration Appeals (BIA) from granting benefits to aliens before DHS confirms that all background and security checks have been completed. *See* 8 C.F.R. § 1003.47(g); 8 C.F.R. § 1003.1(d)(6)(i). In the context of removal proceedings, ICE has determined that FBI fingerprint checks and Interagency Border Inspection Services (IBIS) checks are the required security checks for purposes of the applicable regulations. In the unlikely event that FBI name checks reveal actionable information after the immigration judge grants an alien permanent resident status, DHS may detain and initiate removal proceedings against the permanent resident. *See* 8 U.S.C. § 1227; *see also* 8 U.S.C. § 1256 (allowing DHS to rescind an alien's adjustment of status).



www.uscis.gov

**Revised National Security Adjudication and Reporting Requirements**
Page 2

**Revised Guidance**

A definitive FBI fingerprint check and the IBIS check must be obtained and resolved before an Application for Adjustment of Status (I-485), Application for Waiver of Ground of Inadmissibility (I-601), Application for Status as a Temporary Resident Under Section 245A of the Immigration and Nationality Act (I-687), or Application to Adjust Status from Temporary to Permanent Resident (Under Section 245A of Public Law 99-603) (I-698) is approved. USCIS will continue to initiate FBI name checks when those applications are received. Where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the I-485, I-601, I-687, or I-698 and proceed with card issuance. The FBI has committed to providing FBI name check results within this timeframe.

There is no change in the requirement that FBI fingerprint check, IBIS check and FBI name check results be obtained and resolved prior to the adjudication of an Application for Naturalization (N-400).

Pending further guidance regarding post-audit reporting and tracking requirements and modifications to associated quality assurance procedures, applications approved pursuant to this memorandum shall be held at the adjudicating office. If derogatory or adverse information is received from the FBI after the application is approved, USCIS will determine if rescission or removal proceedings are appropriate and warranted.

Subject to the reporting requirements set forth in the February 16, 2007, memorandum titled "FBI Name Checks Policy and Process Clarification for Domestic Operations," an application or petition may be denied, dismissed, administratively closed, withdrawn, or referred to the Immigration Court at any time.

Questions regarding this memorandum should be directed through appropriate supervisory and operational channels. Local offices should work through their chain of command.

Distribution List:
Regional Directors
Service Center Directors
District Directors (except foreign)
Field Officer Directors (except foreign)
National Benefits Center Director